## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ERNESTO ROMAN-LANZO, <u>et al.</u>,** | |
| **Plaintiffs,** | |
| **v.** | **CIVIL NO. 15-2309 (PAD)** |
| **JUAN BENABE GUZMAN, <u>et al.</u>,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

Before the court is plaintiffs' "Motion to Remand" (Docket No. 7), which co-defendant Federal Deposit Insurance Corporation ("FDIC") opposed (Docket No. 8).  For the reasons below, the motion is DENIED.

## I.      BACKGROUND

In March 2013, plaintiffs filed an action against Juan Benabé-Guzmán, Josefina Torrens-Castro, the Conjugal Partnership constituted amongst them, and Doral Bank, in the Fajardo Part of the Court of First Instance (Docket No. 1, Exh. 3).  In February 2015, Doral Bank was closed and the FDIC was appointed as Doral's receiver.  The FDIC substituted Doral Bank in the state proceedings, and subsequently removed the case to this court pursuant to 12 U.S.C. § 1819(b)(2)(B) (Docket Nos. 1 and 8, Exh. 1).

Plaintiffs maintain that the FDIC's removal falls within the state action exception of 18 U.S.C. § 1819 and, thus, that remand is warranted (Docket No. 7 at p. 2).  In response, the FDIC alleges that the state action exception does not apply because the FDIC is asserting federal defenses, which requires the court to interpret federal law (Docket No. 8 at p. 3).

Román-Lanzó, et al. v. Benabé-Guzmán, et al.
Civil No. 15-2309 (PAD)
Memorandum and Order
Page 2

## II.    DISCUSSION

18 U.S.C. § 1819(b)(2)(A) provides that "[e]xcept as provided in subparagraph (D), all suits . . . to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States."  Accordingly, "except as provided in subparagraph (D), the [FDIC] . . . may, without bond or security, remove any action . . . from a State court to the appropriate United States district court . . . ."  18 U.S.C. § 1819(b)(2)(B).

The statute's exception, contained in subparagraph (D), states that any action:

(i)   to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;

(ii)  which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and

(iii) in which only the interpretation of the law of such State is necessary, shall not be deemed to arise under the laws of the United States.

18 U.S.C. § 1819(b)(2)(D).

Plaintiffs contend that all three requirements are met here and, thus, the state action exception is applicable and the case should be remanded to state court.  As to the third requirement, they point out their claims against defendants rest exclusively on state law.  The FDIC, on the other hand, argues that the third requirement is not satisfied because the FDIC is asserting as a federal defense plaintiffs' failure to exhaust administrative remedies and, for the same reason, that the court must interpret federal law in assessing this defense.  The court agrees.

The First Circuit has held that "the language of the exception's third requirement does not embody the 'well-pleaded complaint' rule" and the district court "will have to look to defenses as well" to determine whether the case requires only the interpretation of state law.  Capizzi v. Federal

<u>Román-Lanzó, et al.</u> v. <u>Benabé-Guzmán, et al.</u>
Civil No. 15-2309 (PAD)
Memorandum and Order
Page 3

<u>Deposit Ins. Corp.</u>, 937 F.2d 8, 10-11 (1st Cir. 1991) ("[T]he language . . . at issue does not instruct the courts to look only to the complaint.  Rather, it intends the court to consider the case as a whole-complaint and likely defenses as well.").  Accordingly, the court must look at the defenses asserted by the FDIC, such as plaintiffs' alleged failure to exhaust administrative remedies.  This will require the interpretation of federal law.  <u>See</u>, <u>Federal Deposit Ins. Corp.</u> v. <u>Beatley</u>, 2011 WL 665448 (S.D. Ohio 2011) (holding that raising as a defense a party's failure to exhaust administrative remedies under Section 1821 is a colorable federal defense).  Therefore, the court concludes that this case does not fall under the state action exception of 18 U.S.C. § 1819(b)(2)(D).  So it was properly removed.

### III.  <u>CONCLUSION</u>

In light of the foregoing, plaintiffs' "Motion to Remand" (Docket No. 7) is DENIED.

**SO ORDERED**.

In San Juan, Puerto Rico, this 23rd day of June, 2016.

<u>S/Pedro A. Delgado-Hernández</u>
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge